# EXHIBIT 2

PAGE 3

1  Patrick N. Keegan, Esq. (SBN 167698)
   pkeegan@keeganbaker.com
2  **KEEGAN & BAKER, LLP**
   2292 Faraday Ave., Suite 100
3  Carlsbad, California 92009
   TEL:   (760) 929-9303
4  FAX:   (760) 929-9260

5  Attorneys for Plaintiff
   ERIKA KATHLEEN RICHEY
6

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/02/2020** at 12:55:32 PM

Clerk of the Superior Court
By Gregory Hornick, Deputy Clerk

7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8            **IN AND FOR THE COUNTY OF SAN DIEGO**

9              **NORTH COUNTY JUDICIAL DISTRICT**

10  ERIKA KATHLEEN RICHEY, an individual, on
    behalf of herself and all others similarly situated,
11
12                              Plaintiff,

13          vs.

14  GETWELLNETWORK, INC., a foreign corporation;
    SEAN THOMPSON, an individual; and DOES 1
15  through 100, inclusive,

16                              Defendants.

Case No.:  **37-2020-00035938-CU-OE-NC**

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

17

18          Plaintiff ERIKA KATHLEEN RICHEY (or "Plaintiff") alleges upon information and belief as

19  follows:

20          1.      This action arises out of the retaliatory acts against Plaintiff ERIKA KATHLEEN RICHEY,

21  a loyal and well-regarded former employee who, after making a reasonable accommodation of the workplace

22  to make it readily accessible to and usable by her because of her diagnosed medical condition and after

23  reporting acts of wage software updates made without notice or prior approval of Defendant

24  GETWELLNETWORK, INC.'s customers, was then unlawfully discharged by Defendant

25  GETWELLNETWORK, INC. and Defendant SEAN THOMPSON, a Director of GETWELLNETWORK,

26  INC., as a result. Additionally, this lawsuit alleges causes of action for violations of the California Labor

27  Code and the California Business and Professions Code §§ 17200, et seq., on behalf of Plaintiff and all

28  others similarly situated as current and former employees of Defendant GETWELLNETWORK, INC.,

seeking damages, restitution and injunctive relief, including the unpaid wages and overtime wages, premium wages for missed meal and rest periods, penalties, and interest, as well as attorney's fees and costs of this litigation.

## **PARTIES**

2.      Plaintiff ERIKA KATHLEEN RICHEY (hereinafter "Plaintiff" or "Ms. Richey") is, and was at all times relevant to this action, a citizen of the State of California, a resident of Oceanside, California, and was employed by GETWELLNETWORK, INC. in the position of "Tier 2 Client Support Specialist" in the State of California in San Diego County, California, from May 20, 2019 until February 20, 2020, when she was discharged.

3.      GETWELLNETWORK, INC. (hereinafter, "GETWELLNETWORK") is, and was at all times relevant to this action, is a foreign corporation doing business in California and County of San Diego, and employed Plaintiff and Defendant SEAN THOMPSON in San Diego County, California. GETWELLNETWORK keeps and maintains a San Diego office at 5825 Oberlin Dr., Suite 7, San Diego, California 92121.  GETWELLNETWORK represents itself as a healthcare company, offering computer software solutions described as follows: "Our solutions engage patients and families, empower clinicians and deliver outcomes that matter. From inpatient to outpatient, to physician practices and urgent care clinics, to patients on the go, GetWellNetwork offers the only cross-continuum platform that performs across every care setting." GETWELLNETWORK further represents that it has more than 300 employees across the U.S.

4.      Defendant SEAN THOMPSON (or "Mr. Thompson") is, and was at all times relevant to this action, a citizen of the State of California, a resident of San Diego County, California, and employed by GETWELLNETWORK in the position of "Director, Client Support" in San Diego County, California.  In his capacity as a "Director, Client Support," Mr. Thompson was responsible for and oversaw the work of Plaintiff and all Client Support Specialists employed by GETWELLNETWORK in the State of California and is being sued in his capacity as a Director of GETWELLNETWORK, and is personally liable under Labor Code § 558.1 as a natural person who is an owner, director, officer, or managing agent of GETWELLNETWORK, the employer of Plaintiff and the Class (defined *infra*) of Client Support Specialists employed by GETWELLNETWORK in the State of California.

5.      Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES

---

1 through 100, and therefore sues these defendants by such fictitious names. Plaintiff alleges on information and belief that at all relevant times each of the DOE defendants was responsible in some manner for the acts, omissions and occurrences herein alleged and Plaintiff's damages were proximately caused thereby. Plaintiff will amend this complaint to allege the true names and capacities of the DOE defendants after they have been ascertained. Plaintiff is informed and believe, and based thereon allege, that the this Court has both subject matter and personal jurisdiction over DOES 1 through 100, inclusive, and that venue is proper in this Court with respect to those defendants.  Any reference made to GETWELLNETWORK and Mr. Thompson (collectively hereinafter referred to as "Defendants"), by specific name or otherwise, individually or collectively, is also a reference to the actions or inactions of DOES 1 through 100, inclusive.

6.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendants and DOES 1 through 100, inclusive, were the owners, directors, officers, agents, representatives, partners, shareholders, and related or affiliated entities of GETWELLNETWORK, and/or natural persons who are the owners, directors, officers, or managing agents of GETWELLNETWORK, Plaintiff's employer, and in doing the things hereinafter mentioned, were acting in the course and scope of their agency, employment, relationship or retention with the permission, consent, authority and ratification of Defendants. Plaintiff is presently unaware of the true names and identities of those defendants fictitiously sued herein as DOES 1 through 100.

**JURISDICTION AND VENUE**

7.     This Court has jurisdiction over this action under Code of Civil Procedure § 410.10 and venue is proper in this Court under Code of Civil Procedure §§ 395(a) and 395.5, because the GETWELLNETWORK is qualified and registered to do business in California, and in fact does business, in San Diego County, California, Defendant Sean Thompson is a citizen of the State of California and is employed in San Diego County, California, and Plaintiff is also a citizen of the State of California and resides in this judicial district.

8.     Further, this action does not qualify for federal jurisdiction because this action qualifies for the local controversy exception under 28 U.S.C. § 1332(d)(4)(A) because (1) more than two-thirds, if not all, of the proposed Class consists of California citizens, (2) Defendant Sean Thompson is also a citizen of the State of California, (3) all the damages occur within the State of California, and (4) within the past three

1    years, no competing class action has been filed.

2    **FACTUAL ALLEGATIONS**

3        9.    Commencing in May 20, 2019, Ms. Richey was employed by GETWELLNETWORK in the

4    position of "Tier 2 Client Support Specialist," and reported to Defendant Sean Thompson, Director, Client

5    Support, also employed by GETWELLNETWORK.

6        10.    At all relevant times, persons employed by GETWELLNETWORK in a Client Support

7    Specialist position in California were not compensated at a rate no less than one and a half times their

8    regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek,

9    and were improperly classified as salaried employees, exempt from overtime pay.  Persons employed by

10    GETWELLNETWORK in a Client Support Specialist position in California were not and are not properly

11    exempt from overtime pay under any exemption, either the executive exemption contained in Wage Order

12    4–2001, Section 1(A)(1), or the administrative exemption contained in Wage Order 4–2001, Section 1(A)(2),

13    or the professional exemption contained in Wage Order 4–2001, Section 1(A)(3), (codified at 8 Cal.Code

14    Regs., tit. 8, § 11040(1)(A)).  Specifically, persons employed by GETWELLNETWORK in a Client Support

15    Specialist position in California were not and are not properly exempt under the executive exemption

16    because they are not employed to manage the affairs of a recognized subdivision or unit of

17    GETWELLNETWORK or GETWELLNETWORK's healthcare customers; they do not customarily and

18    regularly direct the work of two or more other employees of GETWELLNETWORK or the employees of

19    GETWELLNETWORK's healthcare customers; and they do not have the authority to hire or fire other

20    employees of GETWELLNETWORK or the employees of GETWELLNETWORK's healthcare customers.

21    8 Cal.Code Regs., tit. 8, § 11040(1)(A)(1).  Further, persons employed by GETWELLNETWORK in a

22    Client Support Specialist position in California were not and are not properly classified as exempt under the

23    administrative exemption because their job duties are not directly related to the management or general

24    business operations of GETWELLNETWORK or GETWELLNETWORK's healthcare customers; and they

25    do not customarily and regularly exercise discretion and independent judgment in carrying out job duties

26    as to matters of significant to GETWELLNETWORK's business because they are engaged in production

27    aspects of GETWELLNETWORK's business as opposed to administrative functions of

28    GETWELLNETWORK's business and they do not have the authority or power to make an independent

choice with respect to matters of significance. *Id*. § 11040(1)(A)(2). Lastly, persons employed by GETWELLNETWORK in a Client Support Specialist position in California were not and are not properly exempt under the professional exemption because they are not primarily engaged in an occupation commonly recognized as a learned or artistic profession; they are not required to have any specific degree or license or training, as any university or college degree will suffice; and they are not licensed by the State of California and primarily engaged in the practice of law, medicine, dentistry, optometry, architecture, engineering, teaching, or accounting. *Id*. § 11040(1)(A)(3). Each of the exemptions - administrative, executive and professional - require that the employee be "primarily engaged in" the duties which meet the test for the exemption. The term "primarily engaged in" means that more than one-half of the employee's work time must be spent engaged in exempt work and differs substantially from the federal test which simply requires that the "primary duty" of the employee falls within the exempt duties. At all relevant times, persons employed by GETWELLNETWORK in a Client Support Specialist position in California were not and are not properly classified as exempt under any exemptions - administrative, executive and professional - because they are not and were not primarily engaged in the duties which meet the test for any exemption, i.e. they did not spend more than one-half of their work time engaged in exempt work. Plaintiff is informed and believes, and based upon that information and belief alleges that Defendants knew or should have known that Plaintiff and the other Class members did not qualify as exempt from overtime pay and purposely elected not to pay them for their overtime labor.

11.     Plaintiff is informed and believes, and based upon that information and belief alleges that Defendants, at all relevant times to this action, classified all persons employed by GETWELLNETWORK in a Client Support Specialist position in California as computer software employees under Labor Code § 515.5. Labor Code § 515.5 provides that certain computer software employees are exempt from the overtime requirements set forth in Labor Code § 510 if certain criteria are met. One of the criteria of Labor Code § 515.5 is that the employee's annual salary or hourly rate of pay is not less than the statutorily specified rate, which the IR department is responsible for adjusting October 1st of each year to be effective on January 1st of the following year by an amount equal to the percentage increase in the California Consumer Price Index for Urban Wage Earners and Clerical Workers. Labor Code, § 515.5(a)(4). In 2020, certain computer software employees may be exempt from overtime only if they are paid at least $46.55 per

hour or an annual salary of at least $96,968.33 (or $8,080.70 per month) under Labor Code, § 515.5(a)(4). In accordance with Labor Code Section 515.5(a)(4), the IR department adjusted the computer software employee's minimum hourly rate of pay exemption from $45.41 to $46.55, the minimum monthly salary exemption from $7,883.62 to $8,080.71, and the minimum annual salary exemption from $94,603.25 to $96,968.33 effective January 1, 2020, reflecting the 2.5% increase in the California Consumer Price Index for Urban Wage Earners and Clerical Workers.  During her employment, Ms. Richey was not paid the minimum annual salary amount in order to qualify as exempt from overtime pay as computer software employees under Labor Code § 515.5.  Additionally, upon information and belief, Plaintiff alleges that none of the persons employed by GETWELLNETWORK in a Client Support Specialist position in California were not paid and are not paid the minimum annual salary amount in order to qualify as exempt from overtime pay as computer software employees under Labor Code § 515.5 during the Class Period (defined *infra*).

12.    During her employment, Ms. Richey began to suffer from a lower back condition aggravated by sitting for prolonged periods of time during the times working for GETWELLNETWORK. On or about December 6, 2019, Ms. Richey obtained the written opinion of her medical provider, Jason Kullmann, D.C., that in order to slow the progression of her condition and avoid relapses, her medical provider recommended that she be able to stand at her workstation during the times working for GETWELLNETWORK and that she utilize a stand-up desk during the times working for GETWELLNETWORK, which she provided to GETWELLNETWORK.

13.    On December 10, 2019, Ms. Richey sent her accommodation request to GETWELLNETWORK by sending an email to Tula Pisano, Sr. Human Resources Operations Manager, attaching a copy of Dr. Kullmann's December 6, 2019 written medical opinion of Ms. Richey.  On December 10, 2019, Ms. Pisano received Ms. Richey's written request that she be provided a stand-up desk during the times working for the Company and responded by instructing Ms. Richey that her accommodation request was to be "initiated and coordinated with Cigna via an ADA accommodation request."  On December 11, 2019, Cigna confirmed receipt of Ms. Richey's accommodation request with a statement entitled "Acknowledgment of Request for Leave Eligibility Notice - Erika K Richey," which was either reported by GETWELLNETWORK as an accommodation under the ADA or Cigna interpreted the request

as "Erika K Richey's request on 12/11/2019 for an accommodation under the ADA."

14.    On January 7, 2020, Cigna FML Leave Manager, Bryan McCray, on behalf of GETWELLNETWORK, gave notice to Ms. Richey that the Company denied her accommodation request for a stand-up desk and failed to participate in a timely good-faith interactive process with Ms. Richey to determine whether a reasonable accommodation could be made, by summarily stating, "Your employer has denied this accommodation request and we have notified your employee of this decision in writing."

15.    On January 16, 2020, Ms. Pisano was informed of Cigna's denial of Ms. Richey's accommodation request for a stand-up desk without participating in a timely good-faith interactive process with Ms. Richey to determine whether a reasonable accommodation could be made. When Ms. Richey complained, Ms. Pisano noted that "the paperwork can be a little time-consuming but it is a requirement under our ADA policy," and thereafter, did not without participating in a timely good-faith interactive process with Ms. Richey to determine whether a reasonable accommodation could be made and let stand Cigna's denial of Ms. Richey's request for a stand-up desk.  On February 20, 2020, Mr. Thompson discharged Ms. Richey in retaliation of her request for a reasonable accommodation and before participating in a timely good-faith interactive process with Ms. Richey.

16.    Employers are prohibited from discharging employees on the basis of their physical disability or medical condition under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12940(a), 12941.  *See also, Flannery v. California Highway Patrol* (1998) 61 Cal.App.4th 629, 638 ("The broad purpose of the FEHA is to safeguard an employee's right to seek, obtain, and hold employment without experiencing discrimination on account of race, religious creed, color, national origin, ancestry, physical handicap, medical condition, marital status, sex, or age.")

17.    "[T]he duty of an employer to provide reasonable accommodation for an employee with a disability is broader under the FEHA than under the ADA." *Bagatti v. Department of Rehabilitation* (2002) 97 Cal.App.4th 344, 362.  "Under the FEHA, 'reasonable accommodation' means 'a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired.' " *Cuiellette v. City of Los Angeles* (2011) 194 Cal.App.4th 757, 766; *see*, CACI No. 2542. Reasonable accommodations include "[m]aking the workplace readily accessible to and usable by employees with disabilities" and "[m]odifying or providing equipment or devices." CACI No. 2542.

18.    Prior to filing this action, Ms. Richey has exhausted all administrative remedies required by law to assert claims for violation of FEHA, including disability discrimination for GETWELLNETWORK's failure to engage in a good-faith interactive process to reasonably accommodate Ms. Richey's disability, i.e. physical or medical condition, and for a failure to reasonably accommodate Ms. Richey's disability, i.e. physical or medical condition, and has received a "Right to Sue" letter from the California Department of Fair Employment and Housing.

19.    Approximately a week before her discharge, Ms. Richey told Mr. Thompson that she didn't want to be in a position where she had to lie to GETWELLNETWORK's customers because Mr. Thompson was pushing out software updates without notice or prior approval of GETWELLNETWORK's customers and was not allowing GETWELLNETWORK's customers to perform the change control process.  The day he discharged Ms. Richey, Mr. Thompson clearly stated to Ms. Richey that he didn't like being challenged by her statements about the software updates.

20.    In an effort to hide the reasons for the February 20, 2020 discharge of Ms. Richey, GETWELLNETWORK falsely asserted to its customers and reported to a credit reporting agency that Ms. Richey had "retired" as a reason why she was no longer employed by GETWELLNETWORK.  Additionally, GETWELLNETWORK stated other reasons for the February 20, 2020 discharge of Ms. Richey into her employee file.  Moreover, GETWELLNETWORK's reasons for the February 20, 2020 discharge of Ms. Richey inserted into her employee file were not required by GETWELLNETWORK's personnel policies and procedures, and thus, were pre-textual. An internal email of Peter J. Keating, SVP, Chief People Officer, sent to others at company sent on February 19, 2020 regarding the decision to "terminate" Ms. Richey demonstrates that the decision was based upon subjective beliefs about her future performance and her discharge was not required by GETWELLNETWORK's written personnel policies and procedures, and actual practices, because she failed a phishing test.  GETWELLNETWORK's personnel policies and procedures prohibit the termination of employees for making accommodation requests for their physical and medical conditions and do not require the discharge of an employee who fails a phishing test, but GETWELLNETWORK did not follow such personnel policies and procedures in discharging Ms. Richey.

21.    As part of her employment with GETWELLNETWORK, Plaintiff was required to sign a written employment contract, which she did sign on May 13, 2019.  This contract, set in writing, put forward

the terms and conditions of Plaintiff's employment with GETWELLNETWORK. This contract incorporated by reference GETWELLNETWORK's personnel policies and procedures, which included a program of progressive discipline through which GETWELLNETWORK created self-imposed limitations on any discharge or discipline of an employee. These written policies and procedures, and actual practices, expressly limited the grounds for discharge and created self imposed mandatory pre-termination steps and procedures. Plaintiff reasonably expected to be protected by, and to benefit from, these policies, procedures and practices before any discharge occurred. Plaintiff also expected, based upon the written policies and procedures, and actual practices of GETWELLNETWORK, to be protected by a thorough, good faith and fair and complete investigation before any discipline or discharge by Defendants. These policies, procedures and practices created Plaintiff's reasonable belief that Plaintiff could only be discharged for good cause in accordance with such policies, procedures and practices. GETWELLNETWORK did not follow such policies, procedures and practices before disciplining and discharging Plaintiff from her employment with GETWELLNETWORK.

22. Defendants, and each of them, negligently and recklessly hired, employed, supervised, disciplined and trained its managers, supervisors, directors, employees and agents who failed to prevent or timely stop the retaliation complained of herein. Defendants, and each of them, had actual and constructive notice of these complained of acts; prior wrongful and retaliatory acts against Plaintiff and others who complained of wage theft; Defendants' prior negligent and reckless failure to prevent and timely stop such conduct; and Defendants' negligent and intentional failure to take effective action to prevent the complained of retaliation.

23. Defendants, and each of them, intentionally and negligently breached their duty to prevent and stop retaliation by failing to hire, train, discipline and provide competent supervisors, make and enforce rules, give proper and effective orders and discipline, direction, and training, select and employ appropriate persons, and select, train and supervise employees and agents with due care.

24. Defendants, and each of them, intentionally and negligently failed to instruct their agents and employees to refrain from retaliation; unreasonably failed to adopt rules, policies, and regulations designed to prevent retaliation from occurring; unreasonably employed persons they knew, or should have known, to be engaged in retaliation; failed to properly supervise its employees to prevent these illegal acts from

Class Action Complaint for Damages and Restitution          9

occurring; stood by and took no effective action when they knew, or should have known, they were occurring; failed to prevent these acts when they could have reasonably been prevented; authorized, encouraged and then ratified the acts complained of herein.

25.     Said retaliation and wrongful discharge, did directly and proximately cause economic injury and damage to Plaintiff. Additionally, Plaintiff has been subjected to mental anguish and emotional distress because of the retaliation and wrongful discharge complained of herein.

## CLASS ACTION ALLEGATIONS

26.     This action has been brought and may be maintained as a class action under Code of Civil Procedure § 382 because the proposed class is easily ascertainable and there is a well-defined community of interest in the litigation, as described further below.

27.     Plaintiff brings this action on behalf of herself and all other persons similarly situated pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a class of persons defined as follows:

> All persons employed by Getwellnetwork, Inc. in a Client Support Specialist position in the State of California ("Class") at any time commencing on the date four (4) years prior to the filing of this Complaint and through the date of trial (the "Class Period").

Defendants and their officers, directors, and managing agents are excluded from the Class. Plaintiff is informed and believes that over two-thirds of the Class are citizens of the State of California. Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify the Class definition and Class Period with greater particularity or further division into subclasses or limitation to particular issues as warranted as additional facts are discovered by Plaintiff during her future investigations.

28.     This action is properly maintainable as a class action. Although Plaintiff does not, as yet, know the exact size of the Class, based upon GETWELLNETWORK's representations and the nature of its business, Plaintiff believes that there are numerous Class members. Thus, the Class is sufficiently numerous to make joinder impracticable. The disposition of the claims of the members of the Class through this class action will benefit both the parties and this Court. In addition, the Class is readily identifiable from information and employment records in the possession of GETWELLNETWORK.

29.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether Defendants properly classified Plaintiff and other members of the Class as exempt from overtime compensation;

b. Whether Plaintiff and other members of the Class worked more than eight (8) hours in a day or more than forty (40) hours in a week without overtime compensation;

c. Whether Defendants failed to pay Plaintiff and other members of the Class for their overtime labor;

d. Whether Defendants failed to pay Plaintiff and other members of the Class wages and overtime wages timely and all wages owed upon discharge or resignation;

e. Whether Defendants failed to provide meal and/or rest periods to Plaintiff and other members of the Class;

f. Whether Defendants failed to record and/or provide Plaintiff and other members of the Class accurate itemized wage statements;

g. Whether Defendants' conduct violates the Labor Code;

h. Whether Defendants' conduct violates Industrial Welfare Commission Wage Order No. 4-2001; and

i. Whether Defendants' conduct is unlawful and/or unfair constituting violations of Business and Professions Code §§ 17200, et seq.

30. Plaintiff's and the other Class members' claims for restitution and damages arise from their employment by GETWELLNETWORK and were caused by Defendants' denial and failure to provide regular and overtime wages, failure to provide meal and rest periods (and their nonpayment of premium wages in exchange therefore), failure to pay for all hours worked, failure to pay for all wages owed upon termination, and failure to provide accurate itemized wage statements.  Since Plaintiff's and the other Class members' claims are all derived from a common nucleus of operative facts, Plaintiff asserts claims that are typical of the claims of the Class since she, at all material times mentioned herein, was employed by GETWELLNETWORK as a "Tier 2 Client Support Specialist" in the State of California; worked more than eight (8) hours in any given day and more than forty (40) hours in any given week; did not receive compensation for all hours worked, including overtime compensation, meal periods, or rest periods; did not receive itemized wage statements; and was not paid all wages owed upon discharge.

31. Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff has no interest that is contrary to or in conflict with those members of the Class she seeks to represent.  Furthermore, Plaintiff has retained counsel experienced and competent in the prosecution of complex class action litigation involving the Labor Code violations alleged herein to further ensure such protection and

Plaintiff intends to prosecute this action vigorously.

32.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the party opposing the Class and would lead to repetitious trials of the numerous common questions of fact and law.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.  As a result, a class action is far superior to other available methods for the fair and efficient adjudication of this controversy.

33.   Notice to the members of the Class may be made by e-mail or first-class mail because all members of the Class have been individually identified by GETWELLNETWORK and all members of the Class can be individually identified through access to GETWELLNETWORK's employment records.

34.   Plaintiff and the other Class members have suffered irreparable harm and damages as a result of Defendants' wrongful conduct as alleged herein.  Absent a representative action, Plaintiff and the other Class members will continue to suffer losses, thereby allowing these violations of law to proceed without remedy, and allowing Defendants to retain the proceeds of their ill-gotten gains.

35.   In addition, Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
**[Disability Discrimination-Failure to Engage in Interactive Process (Cal. Gov. Code § 12940(n))]**
(On Behalf of Plaintiff Against GETWELLNETWORK)

36.   Plaintiff hereby incorporates by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

37.   In California, it is a violation of public policy for an employer to fail to engage in a good-faith interactive process to determine whether reasonable accommodation can be made for an employee's medical condition.

38.   GETWELLNETWORK was at all times relevant to this action a for profit entity regularly employing five or more persons and an "employer" within the meaning of Cal. Gov. Code § 12926(d). Plaintiff was an employee of the GETWELLNETWORK.  Plaintiff had a diagnosed chronic lower back condition which is aggravated by sitting for prolonged periods of time that was known to the

Class Action Complaint for Damages and Restitution          12

GETWELLNETWORK on December 10, 2019. On December 10, 2019, she requested that GETWELLNETWORK make reasonable accommodation of her workplace at GETWELLNETWORK's San Diego office location for her diagnosed chronic lower back condition in order to slow the progression of her condition, and avoid relapses so that she would be able to continue to perform her essential job requirements while sitting for prolonged periods of time. Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation of her diagnosed chronic lower back condition which is aggravated by sitting for prolonged periods of time could be made so that she would be able to continue to perform the essential job requirements at GETWELLNETWORK's San Diego office location.

39.    GETWELLNETWORK failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made (and instead summarily denied her accommodation request on January 7, 2020).

40.    Plaintiff was harmed by GETWELLNETWORK's failure to engage in a good-faith interactive process for her physical or medical condition. GETWELLNETWORK's failure to engage in a good-faith interactive process was a substantial factor in causing her harm.

41.    As a direct and proximate result of GETWELLNETWORK's conduct in violation of Cal. Gov. Code § 12940(n), Plaintiff has suffered past and future economic damages, including but not limited to lost earnings, lost profits, and medical expenses (e.g. Overtime, Paid Sick Leave, PTO, 401K contributions, Healthcare, etc.), past and future non-economic damages, including but not limited to, mental anguish and emotional distress, and reasonable attorney's fees and costs, in amounts to be determined at the time of trial.

**SECOND CAUSE OF ACTION**
**[Disability Discrimination-Failure to Provide Reasonable Accommodation**
**(Cal. Gov. Code § 12940(m))]**
(On Behalf of Plaintiff Against GETWELLNETWORK)

42.    Plaintiff hereby incorporates by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

43.    In California, it is a violation of public policy for an employer to fail to reasonably accommodate an employee's medical condition.

44.    GETWELLNETWORK was at all times relevant to this action an "employer" within the

meaning of Cal. Gov. Code § 12926(d).  Plaintiff was an employee of the GETWELLNETWORK.  On December 6, 2019, she had a diagnosed chronic lower back condition which is aggravated by sitting for prolonged periods of time.  GETWELLNETWORK knew of her diagnosed chronic lower back condition which is aggravated by sitting for prolonged periods of time on December 10, 2019.  Plaintiff was able to perform the essential duties of her current position.  GETWELLNETWORK failed to provide a reasonable accommodation of her workplace at GETWELLNETWORK's San Diego office location for her physical condition by failing to provide her with a stand-up desk that can be utilized in both a sitting and standing capacity and instead summarily denied her accommodation request on January 7, 2020.

45.    Plaintiff was harmed by GETWELLNETWORK's failure to provide reasonable accommodation for her physical or medical condition.  GETWELLNETWORK's failure to provide reasonable accommodation was a substantial factor in causing her harm.

46.    As a direct and proximate result of GETWELLNETWORK's conduct in violation of Cal. Gov. Code § 12940(m), Plaintiff has suffered past and future economic damages, including but not limited to lost earnings, lost profits, and medical expenses (e.g. Overtime, Paid Sick Leave, PTO, 401K contributions, Healthcare, etc.), past and future non-economic damages, including but not limited to, mental anguish and emotional distress, and reasonable attorney's fees and costs, in amounts to be determined at the time of trial.

## THIRD CAUSE OF ACTION
### [Disparate Treatment—Wrongful Termination (Cal. Gov. Code, § 12940(a))]
(On Behalf of Plaintiff Against GETWELLNETWORK)

47.    Plaintiff hereby incorporates by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

48.    In California, disparate treatment occurs when an employer treats an employee less favorably than others because of employee's protected status. GETWELLNETWORK was at all times relevant to this action an "employer" within the meaning of Cal. Gov. Code § 12926(d) and, as such, was barred from failing to engage in interactive process and failing to reasonably accommodate Plaintiff's medical condition as set forth in Cal. Gov. Code § 12940.

49.    Plaintiff was employed by GETWELLNETWORK.  Plaintiff requested a reasonable accommodation for her medical condition.  Thereafter, GETWELLNETWORK discharged Plaintiff.

GETWELLNETWORK's failure to engage in interactive process and GETWELLNETWORK's failure to reasonably accommodate Plaintiff's medical condition was a substantial motivating reason for Plaintiff's discharge. Plaintiff was harmed by such conduct because she was discharged by GETWELLNETWORK from her employment.

50.    As a direct and proximate result of GETWELLNETWORK's conduct in violation of Cal. Gov. Code § 12940(a), Plaintiff has suffered and is entitled to recover past and future economic damages, including but not limited to lost past and future wages and benefits, and past and future non-economic damages, including but not limited to, mental anguish and emotional distress, and reasonable attorney's fees and costs, in amounts to be determined at the time of trial.

51.    In doing the things herein alleged, GETWELLNETWORK is guilty of oppression, fraud and/or malice toward Plaintiff, because, among other things, it acted with a willful and conscious disregard of Plaintiff's rights by discharging her in contravention of a fundamental public policy. Insofar as the things alleged were attributable to employees of GETWELLNETWORK, said employees were employed by GETWELLNETWORK with knowledge of the unfitness of the employees and/or they acted with a conscious disregard for the rights of Plaintiff and/or GETWELLNETWORK authorized or ratified their wrongful conduct and/or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of GETWELLNETWORK. By such conduct, Plaintiff is entitled to the recovery of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION
### [Wrongful Termination in Violation of Public Policy]
(On Behalf of Plaintiff Against All Defendants)

52.    Plaintiff hereby incorporates by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

53.    The policy against discrimination in employment on the basis of prohibited characteristics, including a physical or medical condition, "inures to the benefit of the public" because any type of "invidious discrimination foments strife and unrest." *City of Moorpark v. Sup.Ct. (Dillon)* (1998) 18 Cal.4th 1143, 1160 (internal quotes omitted). Disability discrimination can form the basis of a common-law action for wrongful discharge. *Id.*

---

54.     Plaintiff was employed by GETWELLNETWORK.    Plaintiff requested a reasonable accommodation for her medical condition.  Thereafter, Defendants discharged Plaintiff.  Defendants' failure to engage in interactive process and Defendants' failure to reasonably accommodate Plaintiff's medical condition was a substantial motivating reason for Plaintiff's discharge.  Additionally, Plaintiff's failure to participate in unlawful activities as directed by Defendant Sean Thompson was a substantial motivating reason for Plaintiff's discharge.  Plaintiff was harmed by such conduct because she was discharged by Defendants from her employment with GETWELLNETWORK.

55.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and is entitled to recover past and future economic damages, including but not limited to lost past and future wages and benefits, and past and future non-economic damages, including but not limited to, mental anguish and emotional distress, and reasonable attorney's fees and costs, in amounts to be determined at the time of trial.

56.     In doing the things herein alleged, GETWELLNETWORK is guilty of oppression, fraud and/or malice toward Plaintiff, because, among other things, it acted with a willful and conscious disregard of Plaintiff's rights by discharging her in contravention of a fundamental public policy.  Insofar as the things alleged were attributable to employees of GETWELLNETWORK, said employees were employed by GETWELLNETWORK with knowledge of the unfitness of the employees and/or they acted with a conscious disregard for the rights of Plaintiff and/or GETWELLNETWORK authorized or ratified their wrongful conduct and/or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of GETWELLNETWORK.  By such conduct, Plaintiff is entitled to the recovery of exemplary and punitive damages in amounts to be determined at the time of trial.

**FIFTH CAUSE OF ACTION**
**[Breach of Implied Covenant of Good Faith and Fair Dealing]**
(On Behalf of Plaintiff Against All Defendants)

57.     Plaintiff hereby incorporates by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

58.     As part of her employment with the GETWELLNETWORK, Plaintiff was required to sign a written employment contract, which she did sign on May 13, 2019.  This contract, set in writing, put forward the terms and conditions of Plaintiff's employment with the GETWELLNETWORK.  This contract

incorporated by reference the GETWELLNETWORK's personnel policies and procedures, which prohibits GETWELLNETWORK from subjecting Plaintiff to unfair, arbitrary, or unlawful treatment and retaliation.

59.    In every employment contract, there is an implied promise of good faith and fair dealing. This implied promise means that neither the employer nor the employee will do anything to unfairly interfere with the right of the other to receive the benefits of the employment relationship. Good faith means honesty of purpose without any intention to mislead or to take unfair advantage of another. Generally speaking, it means being faithful to one's duty or obligation. However, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. Plaintiff's employment contract with GETWELLNETWORK includes an implied covenant of good faith and fair dealing, which prohibits GETWELLNETWORK from subjecting Plaintiff to unfair, arbitrary, or unlawful treatment.

60.    Defendants' failure to engage in interactive process and Defendants' failure to reasonably accommodate the Plaintiff's disability prevented Plaintiff from receiving the benefits of Plaintiff's employment contract with GETWELLNETWORK. Additionally, Plaintiff's failure to participate in unlawful activities as directed by Defendant Sean Thompson prevented Plaintiff from receiving the benefits of Plaintiff's employment contract with GETWELLNETWORK. By such conduct, Defendants did not act fairly and in good faith. Plaintiff was harmed by such conduct because she was discharged by Defendants from her employment with GETWELLNETWORK.

61.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered past and future economic damages, in an amount to be determined at the time of trial.

## SIXTH CAUSE OF ACTION
### [Failure to Pay Regular and Overtime Wages in Violation of the Cal. Labor Code]
(On Behalf of Plaintiff and the Class Against All Defendants)

62.    Plaintiff hereby incorporates by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

63.    Pursuant to Labor Code § 204, among other authority, all wages, other than those mentioned in Labor Code §§ 201, 202, 204.1, or 204. 2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between

the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. Moreover, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Furthermore, pursuant to Labor Code § 218, a wage claimant may sue directly or through an assignee for any wages or penalty due him or her under the Labor Code or relevant Wage Order.

64.     Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

65.     Labor Code § 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, together with the costs of suit, and attorneys fees. Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission ("IWC") is unlawful. Specifically, for hours worked in excess of 8 hours in a day, Plaintiff and the other Class members were entitled to and are owed overtime wages calculated at 1½ times their regular hourly rate in excess of 8 hours and up to and including 12 hours, and calculated at 2 times their regular hourly rate for daily hours in excess of 12 hours; and/or for hours worked in excess of 40 hours in a workweek, calculated at 1½ times their regular hourly rate for weekly hours in excess of 40 hours.

66.     Defendants have intentionally and improperly designated Plaintiff and the other Class members as exempt employees to avoid payment of overtime wages and other benefits in violation of the Labor Code and Industrial Welfare Commission requirements.

67.     In violation of said sections of the Labor Code, the applicable IWC Wage Orders, and the applicable regulations, Defendants, and each of them, have failed to pay Plaintiff and the other Class members the full amount of their wages due for their labor.

68.      An employee who works during a meal period must be paid for all time worked during the meal period and be compensated for all hours worked with payment of the appropriate overtime premium if work performed during a meal period results in accrual of daily or weekly overtime. On those occasions in which meal periods were not being provided or taken and the employee's total daily time worked did not exceed eight (8) hours and total weekly time worked had not exceeded 40 hours, this resulted in a failure to pay regular wages earned by Plaintiff and the other Class members during meal periods were not being

provided or taken.  On those occasions in which meal periods were not being provided or taken and/or the employee's total daily time worked exceeded eight (8) hours or total weekly time worked exceeded 40 hours, this resulted in a failure to pay overtime wages earned by Plaintiff and the other Class members during meal periods were not being provided or taken.

69.     On those occasions in the employee's total daily time worked exceeded eight (8) hours or total weekly time worked exceeded 40 hours, this resulted in a failure to pay overtime wages earned by Plaintiff and the other Class members.

70.     On those occasions in the employee's total daily time worked exceeded eight (8) hours or total weekly time worked exceeded 40 hours and the employee was paid overtime wages on a quarterly basis, if any, this resulted in a failure to timely pay overtime wages earned by Plaintiff and the other Class members.

71.     As a direct and proximate result of Defendants' unlawful failure to pay such compensation to Plaintiff and the other Class members for their labor, Plaintiff and the other Class members have suffered, and will continue to suffer, damages in amounts to be determined at the time of trial.

72.     As a direct and proximate result of Defendants' unlawful failure to pay such compensation to Plaintiff and the other Class members for their labor, Plaintiff and the other Class members are entitled to recovery of regular and overtime compensation according to proof, statutory penalties, interest, and reasonable attorney's fees and costs pursuant to Labor Code §§ 218, 218.5, 218.6, 226, 510, 558, 1194, and 1197.1, the applicable IWC Wage Orders, and the applicable regulations, in amounts to be determined according to proof at the time of trial.

**SEVENTH CAUSE OF ACTION**
**[Failure to Provide Meal Periods and Rest Periods - Violation of Cal. Labor Code §§ 226.7 & 512]**
(On Behalf of Plaintiff and the Class Against All Defendants)

73.     Plaintiff hereby incorporates by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

74.     In California, an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes in which the employee is relieved of all duty and employer control and is not required to remain at the work site or facility during the meal period under Labor Code §§ 226.7 and 512.  If the employer

requires the employee to remain at the work site or facility during the meal period, the meal period must be paid. Labor Code § 226.7 provides that if an employer fails to provide an employee with such a meal period, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each five (5) hours of work where an uninterrupted thirty (30) minute meal period is not provided. Additionally, during the time when the employee is not relieved of all duty during his or her uninterrupted thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period that is counted as hours worked which must be compensated at the employee's regular rate of pay.

75.    At all times relevant hereto, Plaintiff and the other Class members have worked for Defendants more than five (5) hours in a workday. At all relevant times hereto, because Plaintiff and the other Class members were improperly classified as exempt from overtime pay and meal periods, Defendants had no policy to provide proper meal periods to Plaintiff and the other Class members during the Class Period. Additionally, at all relevant times hereto, Defendants failed to properly schedule, make available and/or provide proper meal periods to Plaintiff and the other Class members during the Class Period and/or required Plaintiff and the other Class members to remain at the work site or facility during any meal period provided, if any, during the Class Period. Plaintiff and the other Class members regularly work and have worked in excess of five (5) hours a day without being afforded an uninterrupted thirty (30) minute meal period in which they were relieved of all duties or employer control as required by Labor Code §§ 226.7 and 512. Thus, Defendants intentionally and improperly denied meal periods to Plaintiff and the other Class members during the Class Period in violation of Labor Code §§ 226.7 and 512. Additionally, on those occasions when Defendants failed to provide uninterrupted thirty (30) minute meal periods in which they were relieved of all duties or employer control to Plaintiff and the other Class members, Defendants failed to pay Plaintiff and the other Class members one (1) additional hour of pay at the employee's regular rate of pay for each workday that the meal period was not provided, as required Labor Code § 226.7.

76.    In California, the IWC Wage Orders require that employers must authorize and permit nonexempt employees to take a rest period that must, insofar as practicable, be taken in the middle of each work period. The rest period is based on the total hours worked daily and must be at the minimum rate of a net ten consecutive minutes for each four hour work period, or major fraction thereof. The Division of Labor Standards Enforcement (DLSE) considers anything more than two hours to be a "major fraction" of

four. Labor Code § 226.7 provides that employers shall authorize and permit employees to take "rest periods at the rate often (10) minutes net rest time per four (4) hours of work." If an employer does not authorize or permit a rest period, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of pay for each workday that the rest period is not provided under Labor Code § 226.7.

77.     At all times relevant hereto, Plaintiff and the other Class members have worked for Defendants more than four (4) hours in a workday during the Class Period. Because Plaintiff and the other Class members were improperly classified as exempt from overtime pay and rest periods, Defendants had no policy to authorize or permit rest periods to Plaintiff and the other Class members during the Class Period. Additionally, Defendants have failed to properly schedule, make available and/or provide rest periods to Plaintiff and the other Class members during the Class Period. Thus, Defendants have intentionally and improperly denied rest periods to Plaintiff and the other Class members during the Class Period in violation of Labor Code § 226.7. Additionally, on those occasions when Defendants failed to authorize or provide rest periods to Plaintiff and the other Class members, Defendants failed to pay Plaintiff and the other Class members one (1) additional hour of pay at the employee's regular rate of pay for each workday that the rest period was not provided, as required by Labor Code § 226.7.

78.     As a result of Defendants' violations of Labor Code and Defendants' unlawful failure to provide meal and rest periods to Plaintiff and the other Class members, Plaintiff and the other Class members have suffered, and will continue to suffer, damages, in amounts to be determined according to proof at the time of trial.

79.     As a result of Defendants' violations of Labor Code and Defendants' unlawful failure to provide meal and rest periods to Plaintiff and the other Class members, Plaintiff and the other Class members are entitled to recover one (1) additional hour of pay at the employee's regular rate of pay for each workday that meal period and the rest period were not provided, and an award of reasonable attorney's fees and costs pursuant to Labor Code §§ 226.7 and 512.

### EIGHTH CAUSE OF ACTION
**[Failure to Pay all Wages Owed Upon Termination - Violation of Cal. Labor Code § 203]**
(On Behalf of Plaintiff and the Class Against All Defendants)

80.     Plaintiff hereby incorporates by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

81.    Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.  Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who resigns within seventy-two (72) hours of that employee resignation, unless the employee provides at least seventy-two (72) hours' notice of resignation, in which case all compensation is due at the end of the employee's final day of work.  Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the date due at the same rate until paid up to a maximum thirty (30) day period.

82.    Commencing from at least three (3) years prior to the filing of this action, Defendants have had a consistent and uniform policy, procedure and practice of willfully failing to pay all "wages" as defined as Labor Code § 200 owed to Plaintiff and other Class members who are former employees at the time of their discharge or resignation, including, but not limited to, straight time, overtime, vacation time, and other wages earned and remaining uncompensated.

83.    Commencing from three (3) years prior to the filing of this action, Plaintiff and certain other Class members were discharged from or quit their employment with GETWELLNETWORK. GETWELLNETWORK failed to pay Plaintiff and certain other Class members all "wages" as defined as Labor Code § 200 owed to Plaintiff and other Class members due and owning immediately at the time of their discharge or resignation with notice or within seventy-two (72) hours of their resignation without notice, and failed to pay those sums for thirty (30) days thereafter.

84.    Defendants' failure to pay wages to Plaintiff and such other Class members who were discharged from or quit their employment with GETWELLNETWORK commencing from three (3) years prior to the filing of this action was willful under Labor Code § 203 because there was no good faith dispute that any wages due to Plaintiff and such other Class members was due and owning.

85.    Thus, Plaintiff and such other Class members, who were discharge or quit their employment with GETWELLNETWORK commencing three (3) year prior to the filing of this action, are entitled to penalties pursuant to Labor Code § 203, measured by the daily rate of pay of Plaintiff and such other Class members calculated by multiplying the daily wage by the number of days that the employee was not paid,

up to a maximum of 30 days, in amounts to be determined according to proof at the time of trial, and are

entitled to an award of reasonable attorney's fees and costs.

### NINTH CAUSE OF ACTION
**[Failure to Properly Itemize Wage Statements - Violation of Cal. Labor Code § 226]**
(On Behalf of Plaintiff and the Class Against All Defendants)

86.    Plaintiff hereby incorporates by this reference each and every preceding paragraph of this

complaint as if fully set forth herein.

87.    Pursuant to Labor Code § 226(a), an employer is required to furnish each of its, his or her

employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or

separately when wages are paid by personal check or cash, an accurate itemized statement in writing

showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units

earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

provided that all deductions made on written orders of the employee may be aggregated and shown as one

item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name

of the employee and his or her social security number, (8) the name and address of the legal entity that is the

employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number

of hours worked at each hourly rate by the employee.

88.    During the Class Period, GETWELLNETWORK provided itemized wage statements to

Plaintiff and the other Class members.  Defendants, at all times relevant hereto, have failed to provide

properly itemized wage statements to Plaintiff and the other Class members in violation of Labor Code §

226, by, among other things, failing to accurately state the hours actually worked, failing to accurately state

the number of missed meal and rest periods, failing to accurately state the gross wages earned, and failing

to accurately state the net wages earned.

89.    Defendants' violations of Labor Code § 226 were not isolated and unintentional payroll errors

due to clerical or inadvertent mistakes.  At all times relevant hereto, Defendants' violations of Labor Code

§ 226 were "knowing and intentional" because Defendants knew that facts existed that brought its actions

or omissions within the provisions of section Labor Code § 226(a) – i.e., that Defendants knew that their

wage statements did not accurately state the hours actually worked, accurately state the number of missed

meal and rest periods, accurately state the gross wages earned, and accurately state the net wages earned.

---

Class Action Complaint for Damages and Restitution          23

Plaintiff and the other Class members suffered and continue to suffer injury as a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a). This lawsuit, and the difficulty and expense Plaintiff and the other Class members have encountered in attempting to reconstruct their time and pay records, is evidence of the injury suffered as a result of Defendants' failure to provide itemized wage statements. Defendants' failure to provide itemized wage statements resulted in forcing Plaintiff and the other Class members to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked.

90.    As a result of Defendants' violations of Labor Code § 226 commencing from the one (1) year period preceding the filing of this action, Plaintiff and the other Class members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), according to proof at the time of trial and are entitled to an award of reasonable attorney's fees and costs.

## TENTH CAUSE OF ACTION
**[Unlawful and Unfair Violations of Cal. Business & Professions Code § 17200 *et seq*.]**
(On Behalf of Plaintiff and the Class Against All Defendants)

91.    Plaintiff hereby incorporates by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

92.    The acts, omissions, and practices of Defendants as alleged herein constitute "unlawful" and "unfair" business acts and practices within the meaning of California Business & Professions Code § 17203, *et seq*.

93.    Defendants have engaged in "unlawful" business acts and practices by the aforementioned violations of California Government Code, Labor Code and the applicable California Wage Orders, e.g. by failing to pay for time actually worked and overtime wages, the failing to authorize, permit, and/or provide all required meal and rest periods (or pay premium wages in lieu thereof), by failing to timely pay final wages upon termination or resignation, and by failing to provide properly itemized wage statements, all in violation of the statutes and regulations referenced hereinabove. Plaintiff and the other Class members reserve the right to allege other violations of law which constitute unlawful acts or practices.

94.    Defendants have also engaged in "unfair" business acts or practices in that the harm caused

Class Action Complaint for Damages and Restitution          24

by Defendants' wrongful conduct alleged above outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Plaintiff and the other Class members, and provides Defendants with an unfair competitive advantage over those employers that abide by the law, authorize, permit, and/or provide all required meal and rest periods (or pay premium wages in lieu thereof), pay for all time actually worked, timely pay final wages upon termination or resignation, and provide properly itemized wage statements in accordance with the law.

95.     As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiff and the other Class members.  Specifically, Defendants have been unjustly enriched by the retention of a significant sum of dollars in wages earned and wrongfully withheld from Plaintiff and the other Class members.

96.     The aforementioned unlawful or unfair business acts or practices conducted by Defendants have been committed in the past and continues to this day.  Defendants have failed to acknowledge the wrongful nature of its actions.  Defendants have not provided full restitution of all wages acquired or retained by Defendants as a result of the aforementioned unlawful or unfair business acts or practices, thereby depriving Plaintiff and the other Class members with the minimum working conditions and standards due them under the California Labor Code and IWC Wage Orders.

97.     Pursuant to California Business & Professions Code § 17203, Plaintiff and the other Class members are entitled to full restitution of all wages acquired or retained by Defendants as a result of the aforementioned unlawful or unfair business acts or practices, plus interest and attorneys' fees pursuant to, *inter alia*, the California Code of Civil Procedure § 1021.5.

98.     Pursuant to the California Business & Professions Code § 17203, Plaintiff and the other Class members additionally seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendants to correct its illegal conduct, to pay for all time actually worked, to provide required meal and rest periods or premium wages in lieu thereof, to provide properly itemized wage statements, to keep accurate records of time worked, and to insure the payment of earned wages henceforth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For an award of general, compensatory and consequential damages according to proof;

---

Class Action Complaint for Damages and Restitution          25

2.      For an award of past and future economic damages, including but not limited to lost earnings, lost profits, and medical expenses (e.g. Overtime, Paid Sick Leave, PTO, 401K contributions, Healthcare, etc.), according to proof;

3.      For an award of past and future non-economic damages, including but not limited to, mental anguish and emotional distress, according to proof;

4.      For an award of exemplary and/or punitive damages, according to proof;

5.      For an award of damages, statutory damages, liquidated damages, and penalties, pursuant to California Government Code, California Labor Code and the applicable California IWC Wage Orders, according to proof;

6.      For an order requiring Defendants to pay restitution of all amounts owed to Plaintiff and members of the Class, in an amount according to proof, pursuant to California Business & Professions Code § 17203;

7.      For an order requiring Defendants to correct their illegal conduct, to pay for all time actually worked, to provide required meal and rest periods or premium wages in lieu thereof, to timely pay final wages upon termination or resignation, to provide properly itemized wage statements, to keep accurate records of time worked, and to insure the payment of earned wages henceforth pursuant to California Business & Professions Code § 17203;

8.      That the class claims be certified on behalf of the proposed plaintiff Class and Plaintiff be appointed as the representative of the Class;

9.      For an award of reasonable attorneys' fees and costs, including expert witness fees as costs, as provided by statute;

10.     For an award of costs of suit herein as provided by statute; and

11.     For an award of prejudgment and post judgment interest as provided by statute;

12.     Such further relief as this Court deems necessary, just, and proper.

Dated: October 2, 2020

KEEGAN & BAKER, LLP

Patrick N. Keegan, Esq.
Attorneys for Plaintiff
ERIKA KATHLEEN RICHEY

---

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a jury trial on all claims for relief and claims with respect to which she and

3    the Class have a right to jury trial.

4

5    Dated: October 2, 2020                                KEEGAN & BAKER, LLP

6                                                          Patrick N. Keegan, Esq
7                                                          Attorneys for Plaintiff
                                                          ERIKA KATHLEEN RICHEY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Class Action Complaint for Damages and Restitution        27