UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA KATHLEEN RICHEY, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GETWELLNETWORK, INC., a foreign corporation; SEAN THOMPSON, an individual; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 3:20-cv-02205-BEN-BLM<br><br>**ORDER DENYING JOINT MOTION TO DISMISS AS MOOT**<br><br>**[ECF No. 8]** |

## I. INTRODUCTION

Plaintiff Erika Kathleen Richey, an individual, on behalf of herself and all others similarly situated ("Plaintiff") brings this wrongful termination and discrimination action against Defendants Sean Thompson, an individual; GetWellNetwork, Inc., a foreign corporation ("GetWellNetwork") (collectively, "Defendants"); and Does 1 through 100. ECF No. 1.  Before the Court is the Joint Motion of Plaintiff and GetWellNetwork (the "Parties") to Dismiss the putative class claims. ECF No. 8.  After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** the Joint Motion as moot for the reasons outlined below.

-1-

## II. BACKGROUND

### A. Statement of Facts

Plaintiff alleges she was employed my GetWellNetwork as a Tier 2 Client Support Specialist from May 20, 2019 until February 20, 2020. ECF No. 1-2 at 3:5-9.[1] She further alleges that GetWellNetwork unlawfully discharged from her employment in retaliation for requesting a reasonable accommodation in the form of a stand-up desk for her diagnosed medical back condition and reporting acts of wage software updates made without notice or prior approval of GetWellNetwork's customers. *Id.* at 2:20-26, 8:2-15.

### B. Procedural History

On October 2, 2020, Plaintiff filed a class action complaint in the Superior Court of California, alleging causes of action against GetWellNetwork for: (1) Failure to Engage in the Interactive Process, Cal. Gov't Code § 12940(n); (2) Failure to Provide Reasonable Accommodation, Cal. Gov't Code § 12940(m); (3) Disparate Treatment – Wrongful Termination, Cal. Gov't Code § 12940(a); (4) Wrongful Termination in Violation of Public Policy; (5) Breach of Implied Covenant of Good Faith and Fair Dealing; (6) Failure to Pay Regular and Overtime Wages in Violation of the California Labor Code; (7) Failure to Provide Meal Periods and Rest Periods in Violation of California Labor Code §§ 226.7 and 512; (8) Failure to Pay All Wages Owed Upon Termination in Violation of California Labor Code § 203; (9) Failure to Properly Itemize Wage Statements in Violation of California Labor Code § 226; and (10) Unlawful and Unfair Violations of California Business and Professions Code § 17200 *et. seq. See* ECF No. 1-2. Only the sixth through tenth causes of action are pled as class claims. ECF No. 8 at 2:11-12.

On November 12, 2020, GetWellNetwork removed the case to the Southern District of California and filed an answer to the complaint. ECF Nos. 1, 2. To date, Defendant Sean Thompson has not been served or appeared in the case. ECF No. 8 at 2:9-10.

---

[1] Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

On December 16, 2020, Magistrate Judge Barbara Major filed an order confirming that the parties had settled this case. ECF No. 7. On December 23, 2020, the Parties filed a Joint Motion to Dismiss this case advising that they (1) had reached a settlement; (2) desired to dismiss the class claims *without prejudice*; and (3) wished to retain Plaintiff's individual claims, which they would seek to dismiss later once the conditions of the settlement agreement have been met. ECF No. 8 at 2: 24-28.

On January 28, 2021, the Parties filed a Joint Motion to Continue the Settlement Disposition Conference in this matter, indicating that "[p]ursuant to the Parties' Agreement, Defendants are not obligated to make the settlement payment until the Court enters dismissal of the class action claims." ECF No. 9 at 2, ¶ 5. They also indicate the Parties will only request dismissal of Plaintiff's individual claims when the Court dismisses the "class action claims." *Id.* at 2, ¶ 5. Thus, "[t]he Parties request a continuance of the Settlement Disposition Conference in order to provide time for the Court to enter dismissal of the class claims without prejudice, and thereafter, to request dismissal of the remaining claims in the action. *Id.* at 2, ¶ 6.

### III. **LEGAL STANDARD**

Rule 41(a) of the Federal Rules of Procedure ("Rule 41(a)") governs voluntary dismissal of lawsuits. If a plaintiff wants to dismiss a case without a court order, the plaintiff may do so pursuant to Rule 41(a)(1), "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 . . . by filing" either (1) "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or (2) "a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1). Where a plaintiff does not proceed by filing a notice or stipulation of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Unless the order states otherwise, dismissal under Rule 41(a)(2) is without prejudice. *Id.*

A dismissal without a court order under Rule 41(a)(1) is subject to Rule 23(e) of the Federal Rules of Civil Procedure ("Rule 23(e)"), governing dismissal of class actions. Rule

23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class ***proposed to be certified for purposes of settlement*** . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." FED. R. CIV. P. 23 (emphasis added); *see also In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) ("The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights."). The result of Rule 23(e) is that certified class claims or claims proposed for certification for settlement purposes cannot be dismissed under Rule 41(a)(1) because Rule 41(a)(1): (1) allows for dismissals without a court order and (2) is subject to Rule 23(e), which requires a court order for dismissal.

## IV.   DISCUSSION

In ordinary non-class litigation, "parties are free to settle their disputes on their own terms, and plaintiffs may voluntarily dismiss their claims without a court order." *Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019) (citing FED. R. CIV. P. 41(a)(1)(A)). In a class action, however, whether court approval is required depends on whether case has been certified. *Compare id.* at 1046 ("By contrast, in a class action, the 'claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval.'") (citing FED. R. CIV. P. 23(e)) *with Employers-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 923-24 (9th Cir. 2007) (holding that putative class members of a non-certified class lack standing to appeal an order appointing the lead plaintiff who voluntarily dismissed the case before certification because without a certified class, only the parties to the case have standing).

Previously, Rule 23 was written in such a manner that it was unclear whether court approval was required for dismissal of individual claims in a case that was originally filed as a class action, even if the settlement and dismissal did not pertain to the putative class claims. *See, e.g.*, *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (interpreting the previous version of Rule 23 to require court approval even before certification of a class). However, in 2003, Congress revised Rule 23 to make clear that

court approval is only required in a putative class action where the plaintiff seeks to approve a settlement of both individual and class claims. *See, e.g.*, *Gesberg v. LinkUs Enterprises, Inc.*, No. 208CV02428MCECMK, 2009 WL 10690922, at *1-2 (E.D. Cal. Mar. 27, 2009) (noting that the current version of Rule 23(e) reflects amendments resolving the ambiguity over whether the previous rule's requirement of court approval for class action settlements extended "to require court approval of settlements with putative class representatives that resolved only individual claims") (citing FED. R. CIV. P. 23, Advisory Committee's notes (2003 amendment)). In such a case, the Court must certify the class prior to approving the settlement and dismissal of the class claims. *Id.* However, where the settlement and dismissal only pertain to the class representative's individual claims, court approval is not required to dismiss the individual claims as the putative class claims, having not yet been certified, have not come into existence; thus, there is nothing to dismiss. *Ripley v. Bridgestone Retail Operations, LLC*, No. C09-1482 RSM, 2010 WL 11684294, at *2 (W.D. Wash. Sept. 2, 2010) (providing that "*prior* to certification, the named plaintiffs may dismiss class claims without approval" because "Rule 23(e) does not provide the district court with any supervisory authority over such dismissals, nor does it require notice to the absent class members") (citing MOORE'S FEDERAL PRACTICE 3d, § 23.64[2][a], pp. 23-316:16 – 23-316:17 (2007).

In this case, the Parties jointly seek to dismiss the putative class claims under Rule 41(a)(2) *without prejudice*. ECF No. 8 at 2:1-5. This case is in the initial stages, and thus, Plaintiff has not sought certification. Thus, "[t]his is a putative class action, but no class has been certified, nor is certification being proposed for purposes of settlement." *Allred v. Chicago Title Co.*, No. 19CV2129-LAB (AHG), 2020 WL 5847550, at *1 (S.D. Cal. Oct. 1, 2020) ("Although the motion seeks dismissal of all claims with prejudice, the Court construes this as a request to dismiss Plaintiffs' own claims with prejudice, and putative class claims without prejudice.") (citing FED. R. CIV. P. 23(e)). "[B]ecause no class has been certified in this case, Rule 23 does not mandate either Court approval of the instant settlement or notice to putative class members." *Id.* As a result, the Court finds the Joint

Motion moot given that with no class claims having come into existence, there are no class claims for the Court to dismiss. *See*, *e.g.*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) (concluding "that an issue is moot when deciding it would have no effect within the confines of the case"); *see also Lee v. CVS Pharmacy, Inc.*, No. 320CV01923BENDEB, 2021 WL 308283, at *3 (S.D. Cal. Jan. 28, 2021) (Benitez, J.) (denying a joint motion to dismiss putative class claims as moot because "with no certified class claims having come into existence, any dismissal will not affect putative class members' claims").

## V.   ORDER

Pursuant to Rule 41(a)(2), the Parties jointly move to dismiss this action *without prejudice* as to the putative class claims. Having read and considered the Joint Motion submitted by Plaintiff and Defendants, and good cause appearing, the Joint Motion is **DENIED** as moot. Although this case was filed as a putative class action, Plaintiff did not seek class certification, and as such, the Court did not certify the class. Therefore, with no certified class claims having come into existence, any dismissal would not affect putative class members' claims. The Parties may seek dismissal of the only claims currently alive in this case (e.g., Plaintiff's individual claims) by either a court order, pursuant to Rule 41(a)(2), or without a court order, pursuant to Rule 41(a)(1).

**IT IS SO ORDERED.**

DATED:   February 8, 2021

**HON. ROGER T. BENITEZ**
United States District Judge